629 So.2d 888 (1993)
Edgar Randolph SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0701.
District Court of Appeal of Florida, Fourth District.
November 17, 1993.
Petition for Rehearing Stricken December 16, 1993.
*889 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Edgar Scott appeals an order denying his motion to withdraw his plea based on newly discovered evidence, filed pursuant to Florida Rule of Criminal Procedure 3.850. He also attacks his sentence based on the trial court's alleged failure to inquire into the factual basis for his plea and the trial court's imposition of restitution as a special condition of probation where the condition was not pronounced in open court and was not part of the plea agreement. We affirm the trial court's denial of appellant's request to withdraw his plea and proceed to trial and decline to reach the other issues raised for the first time on appeal.
The appellant was charged with sexual battery, lewd and lascivious acts upon a child, and child abuse by contributing to the delinquency of a minor. Appellant entered a plea of nolo contendere, and the court sentenced him to 4 1/2 years on each count, to run concurrently.
Appellant contends that subsequent to his plea and sentencing, the victim told the state attorney and defense attorney that she lied when she accused appellant of the charges. However, there was evidence that appellant was aware prior to the time that the plea was entered that the victim had repeatedly vacillated in her version of the facts. At the hearing on appellant's motion to withdraw his plea, the victim testified under oath that her original statements that she was sexually abused by appellant were true. She stated that she had recanted because everyone told her that she was ruining the life of her mother, who was married to appellant. *890 Therefore, the victim reincriminated Scott during the evidentiary hearing on the motion to withdraw his plea.
Appellant urges that we apply the Jones standard for setting aside a conviction based on the contention that the newly discovered evidence would "probably produce an acquittal on retrial." Jones v. State, 591 So.2d 911, 915 (Fla. 1991). Application of this standard involves examining the evidence produced at trial and comparing it with the "newly discovered evidence" to determine whether the "newly discovered evidence" would "probably produce an acquittal on retrial." Id. at 916. Because appellant pled nolo contendere in this case, there was no trial and no evidence introduced. Consequently, it is problematic to apply the Jones standard here.
A more appropriate standard in this case would be the standard for withdrawal of pleas after sentencing. In Williams v. State, 316 So.2d 267 (Fla. 1975), the supreme court recognized that while the Florida Rules of Criminal Procedure provide guidelines for withdrawing a plea before sentencing,[1] there is no rule setting forth requirements for the withdrawal of a plea after sentencing.[2] The supreme court in Williams adopted the standards enunciated by the American Bar Association for a plea withdrawal after sentence, holding that a defendant should be allowed to withdraw a guilty or nolo contendere plea when the defendant proves the withdrawal is necessary to correct a manifest injustice.[3]Id. at 273. The burden to prove a manifest injustice is placed on the defendant.
In this case, there is evidence that another person independently witnessed the operative events of the crimes, and that prior to the entry of the inculpatory plea, the defense knew the victim had already vacillated. These facts, combined with the fact that the victim reincriminated appellant during the evidentiary hearing, do not support a conclusion that withdrawal of the plea is necessary to correct a manifest injustice. Likewise, we do not deem that the "newly discovered evidence" would probably produce an acquittal. Thus, under either the Jones or Williams standard, the appellant failed to meet his burden.
Appellant has also requested relief on the basis that the trial court failed to inquire into the factual basis for his plea as required by Koenig v. State, 597 So.2d 256 (Fla. 1992). He additionally attacks a special condition of probation imposed on the grounds that the trial court did not pronounce the special condition of probation in open court, the special condition of probation was not part of the plea agreement, and there was an improper reservation of jurisdiction. These grounds were not raised in the rule 3.850 motion filed with the trial court and will not be considered for the first time on appeal. However, this is without prejudice to the appellant filing a subsequent rule 3.850 motion. See Fla.R.Crim.P. 3.850(f).
Accordingly, we affirm the decision of the trial court denying appellant's motion to withdraw his plea and set aside the conviction on the basis of newly discovered evidence.
HERSEY and POLEN, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.170 states that the court "may in its discretion, and shall on good cause, at any time before sentence, permit a plea of guilty to be withdrawn... ."
[2] Florida Rule of Criminal Procedure 3.850(a) does allow a prisoner to collaterally attack his judgment and sentence on the ground that his plea was given involuntarily. However, that is not the ground asserted by appellant in this case.
[3] This standard is in accord with federal law. See, e.g., Fed.Rules Crim.P. 32(d); United States v. Gines, 964 F.2d 972, 978 (10th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1023, 122 L.Ed.2d 169 (1993); United States v. Watley, 987 F.2d 841, 847 (D.C. Cir.1993).