PER CURIAM.
Appellant seeks review of an order denying without a hearing his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we conclude that appellant has asserted a claim based upon newly discovered evidence which is sufficient to entitle him to an eviden-tiary hearing, we reverse.
In his motion, appellant requests permission to withdraw his plea of guilty “as a matter of convenience,” * entered in November 1993, to the charge of sale or delivery of cocaine. He alleges that he entered his plea, while maintaining his innocence, after having explained to the trial judge that he was doing so because he could “ ‘not beat the testimony of a Jacksonville police officer,’ even if it [was] false.” According to appellant, an article printed in the local newspaper in September 1994 reported that the police officer who had arrested him had been forced to resign “under the onus of allegations involving his falsification of police reports,” and that the officer was being investigated “by the Sheriffs Office, the FBI, and the Federal Drug Enforcement Administration.” Appellant claims that such “allegation[s] substantially discredit[] the veracity of [the officer who had arrested him].”
The record supports the allegation that appellant entered a plea of guilty “as a matter of convenience” to the charge of sale or delivery of cocaine, while maintaining his innocence. The record also supports the allegation that the plea was entered because appellant was of the opinion that, although the arresting officer had lied, he could not reasonably expect a jury to believe him, rather than the officer.
The trial court denied appellant’s motion without holding an evidentiary hearing. We conclude that appellant’s allegations are sufficient to call into question the integrity of the process by which he was accused and, therefore, to suggest that “a manifest injustice” occurred. See Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993) (withdrawal of plea will be permitted in collateral proceeding only if necessary to correct “a manifest injustice”). Accordingly, we conclude, further, that appellant is entitled to an evidentiary hearing on his request.
At the hearing, the burden will be on appellant to establish that “a manifest injustice” occurred in the process by which he was accused of sale or delivery of cocaine. Id. In other words, appellant will have to present sufficient evidence to support the claim that the arresting officer had falsified the accounts of events leading to other arrests so that, if presented with such evidence, a reasonable person would be likely to conclude that the same was true in his ease. Only if he satisfies this burden, will appellant be *1033 entitled to withdraw his previously entered plea, and to plead anew.
We do not intend to suggest any opinion regarding the outcome of the matter. We hold only that appellant is entitled to an opportunity to establish that his arrest and conviction were the result of “a manifest injustice.”
REVERSED and REMANDED, with directions.
BOOTH, MINER and WEBSTER, JJ., concur.

 Pleas of convenience, often referred to as “best interest” pleas, are permitted in Florida. Fla. R.Crim.P. 3.172(d) & Committee Notes. See Rigabar v. Broome, 658 So.2d 1038 (Fla. 4th DCA 1995) ("best interest” guilty plea amounts to plea of guilty without condition or qualification, absent concessions by state or conditions binding defendant, as in the case of a negotiated plea).