PER CURIAM.
The appellant challenges an order by which his postconviction motion alleging ineffective assistance of counsel and newly discovered evidence, pursuant to Florida Rule of Criminal Procedure 3.850, was denied. We affirm in part and reverse in part.
*136 By appellant’s own admission, more than two years passed between his final sentencing and the filing of this motion. Therefore, we affirm the trial court’s denial of the claim as untimely under rule 3.850(b).
However, because the trial court failed to attach any documentation to support its denial of appellant’s claim of newly discovered evidence, we reverse and remand that portion of the order to the trial court for further proceedings. The trial court shall either attach to its order denying relief those portions of the record which conclusively show that appellant is entitled to no relief or hold an evidentiary hearing. If an evidentiary hearing is required, the burden will be on the appellant to prove that the withdrawal of his plea is necessary to correct a “manifest injustice.” See Taylor v. State, 662 So.2d 1031 (Fla. 1st DCA 1995); Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993).
AFFIRM in part and REVERSE in part.
KAHN, MICKLE and LAWRENCE, JJ., concur