814 So.2d 1131 (2002)
Theodore MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-407.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
Theodore Miller, DeFuniak Springs, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Miller appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He was convicted of three counts of initiating or organizing the theft of property and trafficking in the property,[1] based on a guilty plea. Two other charges were nol prossed. Miller was sentenced to thirty years on each count to be served concurrently. His convictions and sentences were affirmed on appeal,[2] and this court *1132 also affirmed the denial of a prior rule 3.850 motion, after an evidentiary hearing, in which motion Miller claimed his plea was involuntary because he was not told the trial court could depart upwards from the guidelines.[3] He now claims newly discovered evidence in the form of a recent recantation of testimony by a co-defendant (his brother), which would clear him of the major offense for which he was convicted. We affirm.
In Sims v. State, 754 So.2d 657, 660 (Fla.2000), cert. denied, 528 U.S. 1183, 120 S.Ct. 1233, 145 L.Ed.2d 1122 (2000), the Florida Supreme Court reaffirmed its prior holdings that in order to constitute newly discovered evidence meriting a new trial, the evidence must have been unknown by the court, the party, or counsel at the time of trial and could not have been known by the use of due diligence. In addition, the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial. Id. See also Melendez v. State, 718 So.2d 746 (Fla.1998). The new evidence must be considered in conjunction with the evidence presented at trial and no relief is warranted if the new evidence would be inadmissible. Sims, 754 So.2d at 660.
The problem with applying that standard in plea cases is that there was no trial and no trial testimony to be recanted. Here, there was only a pretrial statement of Miller's former girlfriend and the confessions of his two co-defendants (one his brother and the other his stepson). All had pointed to Miller as the leader or major organizer of the stolen property theft and sale ring. Now, after having served shorter sentences and after the five-year statute of limitations has run for perjury, Miller's brother (and according to the motion, also Miller's stepson) are willing to recant their statements regarding Miller's leadership role, thus entitling him to a conviction for a lesser offense.
In Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993), the court noted that application of the supreme court's standard set out in Sims was "problematic" in plea cases. Accordingly, it adopted the standard applicable to cases in which a defendant seeks to withdraw a plea after sentencing. In such cases, a defendant must show that withdrawal of the plea is necessary to correct a manifest injustice. See Williams v. State, 316 So.2d 267 (Fla. 1975); Daniel v. State, 740 So.2d 1179 (Fla. 2d DCA 1999), rev. denied, 751 So.2d 1251 (Fla.2000); Kalapp v. State, 729 So.2d 987 (Fla. 5th DCA 1999); Veach v. State, 705 So.2d 135 (Fla. 1st DCA 1998).
We adopt the manifest injustice standard for this case and conclude that Miller did not satisfy that standard. Miller is not claiming he is innocent but merely that he is guilty of a lesser offense. However, the state dropped two other charges after his plea was entered. We previously reviewed the issue of whether Miller's plea to organizing the thefts and trafficking was voluntary and concluded that it was. He did not contest the fact that he was the organizing force behind the thefts and sales, nor did he dispute he was the owner of the business from which the stolen property was sold.
Further, the recantation in this case is suspect. See generally Murrah v. State, 773 So.2d 622 (Fla. 1st DCA 2000); Robinson v. State, 736 So.2d 93 (Fla. 4th DCA 1999). As noted above, the witness who recanted his pretrial statement is Miller's brother. He had completed serving his own sentence more than five years earlier and he would no longer be subject to perjury *1133 charges. Indicia of reliability are arguably absent in this case.
In addition, although Miller alleges the other co-defendant, his stepson, is ready to recant, no affidavit is provided from that witness and his recantation would also be suspect for the same reasons as the brother's. The other witness who gave a statement to the police, Miller's former girlfriend, has not recanted and her statement would only be subject to impeachment based on Miller's alleged newly discovered motive for her to lie.
We conclude that Miller failed to demonstrate manifest injustice, or the probability that he would be acquitted if retried. Accordingly, we affirm.
AFFIRMED.
THOMPSON, C.J., and PALMER, J., concur.
NOTES
[1] § 812.019(2), Fla. Stat. (1987).
[2] Miller v. State, 553 So.2d 1184 (Fla. 5th DCA 1989).
[3] Miller v. State, 618 So.2d 250 (Fla. 5th DCA 1993).