PER CURIAM.
The appellant challenges the trial court’s summary denial of his third motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Although this motion is successive, the appellant raises what we hold to be a facially sufficient claim based on newly discovered evidence in the form of an affidavit submitted by a previously unknown eyewitness who claims to have seen the actual perpetrator of the crime to which the appellant pled. The fact that a rule 3.850 motion is successive does not prevent a trial court from considering a facially sufficient claim of newly discovered evidence contained therein. See Porter v. State, 653 So.2d 374, 377 (Fla.1995).
Moreover, when an appellant who pleads guilty later seeks to withdraw that plea based upon a facially sufficient claim of newly discovered evidence, the trial court must support its denial of that claim with record attachments or it must hold an evidentiary hearing. See Veach v. State, 705 So.2d 135, 136 (Fla. 1st DCA 1998). See also, e.g., McLin v. State, 827 So.2d 948, 956 (Fla.2002). The trial court did neither. Rather, it merely denied the appellant’s motion as legally insufficient.
Accordingly, we reverse the trial court’s summary denial and remand this cause with instructions to the trial court to either refute the appellant’s claim of newly discovered evidence with record attachments, or to hold an evidentiary hearing. If an evidentiary hearing is ultimately required, the burden will be on the appellant to prove that the withdrawal of his plea is necessary to correct a ‘manifest injustice.’ See Veach, 705 So.2d at 136. See also Williams v. State, 316 So.2d 267 (Fla.1975).
REVERSED; REMANDED WITH INSTRUCTIONS.
ALLEN, C.J., BOOTH and BARFIELD, JJ., CONCUR.