876 So.2d 1234 (2004)
Theodore WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4702.
District Court of Appeal of Florida, Fourth District.
June 16, 2004.
Rehearing Denied August 4, 2004.
Kathleen M. Williams, Federal Public Defender, and Peter Birch, Assistant Federal Public Defender, West Palm Beach, for appellant.
No appearance required for appellee.
PER CURIAM.
We affirm an order denying Williams's rule 3.850 motion premised on a claim of *1235 newly discovered evidence. Williams was convicted in 1988 of one count of second-degree murder and one count of aggravated battery in a "drive by" shooting. A co-defendant, Vincent McDaniels, was also convicted and has now executed an affidavit recanting his testimony with respect to who fired the weapon.
We recognize that the trial court failed to conduct an evidentiary hearing before rejecting the recanting affidavit of a co-defendant. See generally Robinson v. State, 736 So.2d 93 (Fla. 4th DCA 1999). We are, nevertheless, satisfied upon a full review of the record, including jury instructions and testimony of other witnesses, that, taking the affidavit as true, it cannot be said that the new testimony would probably produce an acquittal on re-trial. See Jones v. State, 709 So.2d 512, 521 (Fla.), cert. denied, 523 U.S. 1040, 118 S.Ct. 1350, 140 L.Ed.2d 499 (1998). Compare Padron v. State, 769 So.2d 432 (Fla. 2d DCA 2000)(absence of record attachments made it impossible for appellate court to provide meaningful review of finding that recantation of co-defendant would not produce an acquittal).
FARMER, C.J., STONE and STEVENSON, JJ., concur.