929 So.2d 549 (2006)
David William MacFARLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2608.
District Court of Appeal of Florida, Fifth District.
April 7, 2006.
*550 James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
MacFarland appeals the denial, after an evidentiary hearing, of his motion for postconviction relief. He argues that the lower court erred in finding that his claim of newly discovered evidence was untimely because it should have been raised within two years of the time it could have been discovered through the use of due diligence. He also argues that the court erred in concluding that withdrawal of his plea was not required to correct a manifest injustice. We agree with the lower court on both counts and therefore affirm.
MacFarland was charged in nine cases with 23 charges arising from a series of home burglaries. These charges included burglary of a dwelling, grand theft, grand theft auto and forgery. In May, 1992, MacFarland rejected the State's plea offer of 20 years in prison and decided to enter a nolo contendere plea to the court on 21 of the 23 charges. The remaining charges were dropped by the State. Unfortunately for MacFarland, the court sentenced him to 40 years in prison as a habitual offender *551 on the most serious charge of armed burglary of a dwelling, followed by 15 years of probation. The remaining sentences were to run concurrent to the 40 year sentence.
MacFarland did not appeal his sentences. In April, 1995, MacFarland filed a motion to correct sentence disputing his designation as a habitual offender. The lower court denied this motion and we per curiam affirmed that decision. MacFarland v. State, 660 So.2d 727 (Fla. 5th DCA 1995).
In July 2003, MacFarland filed a "Motion to Vacate, Set Aside Convictions and Sentence with Memorandum of Law Incorporated And/Or Emergency Petition for Writ of Habeas Corpus." In ground one of his motion, the only ground appealed, MacFarland alleged that newly discovered evidence would exonerate him on the armed burglary of a dwelling charge. He attached the affidavit of John Wright, who claimed that he, not MacFarland, committed the burglary and thefts in that case. After an evidentiary hearing, the lower court denied MacFarland's motion, finding that MacFarland's claim was untimely and that withdrawal of his plea was not required to correct a manifest injustice.
Pursuant to Florida Rule of Criminal Procedure 3.850(b), a defendant must file a motion to vacate sentence within two years of the judgment and sentence becoming final. However, MacFarland relies on an exception, which allows such a motion to be filed outside the two year window when "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Under this exception, a claim of newly discovered evidence must be made within two years from the date upon which the evidence could have been discovered through the use of due diligence. See Bolender v. State, 658 So.2d 82, 85 (Fla. 1995).
In the instant case, the lower court correctly determined that MacFarland's claim was untimely. The evidence he relied upon was not new at all. Both MacFarland and Wright testified that they knew at the time the crimes were committed that Wright committed the crimes. The problem for MacFarland was that he could not compel Wright to incriminate himself. However, the lower court noted that the statute of limitations on those crimes barred the State from prosecuting Wright after four years from the date of the crimes. § 775.15(2)(a), Fla. Stat. (1991). As the crimes were committed in July 1991, the statute expired in July 1995. MacFarland could have obtained Wright's testimony within two years of July 1995 through the use of due diligence because he had regular contact with Wright's mother. However, MacFarland failed to present evidence of diligent efforts to obtain Wright's testimony during that time. Instead, Wright contacted MacFarland in 2002 or 2003 and offered his affidavit.
MacFarland argues that he could not compel Wright to incriminate himself until Wright decided to voluntarily come forward. We reject this argument because the right against self incrimination only applies when the witness's answers might incriminate him in future criminal proceedings. St. George v. State, 564 So.2d 152, 154 (Fla. 5th DCA 1990). Thus, Wright could not assert his privilege against self-incrimination after the statute of limitations ran in July 1995. See Markey v. Jae Sam Lee, 224 So.2d 789 (Fla. 2d DCA 1969).
The lower court also correctly concluded that it was not necessary to allow MacFarland to withdraw his plea to correct a manifest injustice. In Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993), the defendant *552 appealed the denial of his motion to withdraw his plea to various sex crimes based upon newly discovered evidence after the minor victim recanted. The Fourth District applied the standard of withdrawing pleas after sentencing. It held that the defendant had not proved a manifest injustice would result because the crimes were independently witnessed, the defendant was aware of the victim's vacillation when he pled, and the victim reincriminated him at the evidentiary hearing. Id. at 890.
This Court adopted the same standard in Miller v. State, 814 So.2d 1131 (Fla. 5th DCA 2002). In Miller, the defendant pled guilty to three theft crimes and received a 30 year sentence. He later moved to vacate his sentence based on newly discovered evidence. He alleged that his co-defendant brother had recanted his pretrial statement, clearing him of the most serious crime to which he pled. Id. at 1131-32. On appeal of the denial of this motion, this Court affirmed, finding that the defendant failed to establish a manifest injustice. In support of this conclusion, we noted that the defendant was not claiming innocence, but merely that he was guilty of lesser charges. We also noted that the State had dropped some charges as a result of the plea and finally, that the brother's recantation was suspect because he had already served his sentence and could not be prosecuted for implicating himself. Id. at 1132.
The instant case has elements of both Scott and Miller. Similar to the defendant in Scott, MacFarland admits that at the time he entered his plea, he knew he did not commit the armed burglary and that Wright did. Nevertheless, he entered a no contest plea to that charge along with many others, presumably because he thought it was in his best interest and because he hoped to receive a lesser sentence than the State was offering. Similar to the facts in Miller, Wright's testimony did not absolve MacFarland of all criminal liability. Rather, it absolved him of the crime for which he received the longest sentence, the only sentence on which he is still incarcerated. In addition, the State dropped some other charges in conjunction with MacFarland's plea. Finally, Wright's "confession" is just as suspect as the recantation in Miller, because the statute of limitations has run and therefore, Wright cannot be prosecuted or punished for his admissions.
Accordingly, we affirm the denial of MacFarland's motion.
AFFIRMED.
PALMER and TORPY, JJ., concur.