940 So.2d 1235 (2006)
Mitchell BARROW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4477.
District Court of Appeal of Florida, Fifth District.
November 3, 2006.
Michael R. Ufferman, of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Mitchell Barrow appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief in which he claimed the right to a new trial based upon his assertion that had certain newly discovered evidence been introduced at his first trial, the result of the proceeding would have been different. Specifically, Barrow argues that an affidavit recently obtained from his co-defendant constitutes newly discovered evidence and establishes that, at all times relevant to the offenses for which he was convicted,[1] *1236 Barrow was acting under extreme duress directly caused by the affiant's threats of great bodily harm and death.[2] Pursuant to the applicable standard of review, this court is required to reverse a summary denial of relief and remand for an evidentiary hearing or other appropriate relief "unless the record shows conclusively that the appellant is entitled to no relief. . . ." Fla. R.App. P. 9.141(b)(2)(D). Because the record fails to conclusively show Barrow is not entitled to the claimed relief, an evidentiary hearing is warranted in this case. Accordingly, we reverse and remand for further proceedings consistent herewith.
Barrow's trial defense was duress, but he could not benefit at that time from the affidavit statements made by his co-defendant, Danny Brandon, because, as Brandon admits, Brandon had "never given any statements to police or anyone except the jury whom I lied to and blamed it all on Mitch, Timothy, and Robert. I said they kidnapped me and forced me to drive them to Florida." Barrow could not have discovered the affidavit statement earlier because, it appears, he was unable to compel such a statement or testimony from Brandon due to Brandon's constitutional Fifth Amendment right against self-incrimination. Furthermore, Barrow asserted that he was unable to obtain this information at the time of his trial because Brandon's direct appeal of his judgment and life sentence was still pending at the time of Barrow's trial. This allegation and the attachments to Barrow's amended motion for rehearing demonstrating that Brandon maintained his story for some period of time after his judgment and sentence became final, suggest that Barrow was unable to discover the information in Brandon's affidavit at a time earlier than it was actually discovered. These facts, if true, would support the conclusion that Barrow has met his burden of demonstrating that the affidavit constitutes newly discovered evidence that could not have been discovered through due diligence. See Johnson v. State, 904 So.2d 400, 404 (Fla. 2005) (reiterating that "[i]n order to obtain relief on a claim of newly discovered evidence, a claimant must show, first, that the newly discovered evidence was unknown to the defendant or defendant's counsel at the time of trial and could not have been discovered through due diligence and, second, that the evidence is of such a character that it would probably produce an acquittal on retrial.") (citations omitted). An evidentiary hearing is thus needed to resolve the credibility of the allegations. See Brantley v. State, 912 So.2d 342 (Fla. 3d DCA 2005) (reversing summary denial of newly discovered evidence claim that was based on co-defendant's affidavit absolving defendant of wrongdoing because appellate record did not conclusively refute appellant's claim).
*1237 The record also fails to conclusively show that the second prong of Johnson, i.e., "that the evidence is of such a character that it would probably produce an acquittal on retrial," was not met. Johnson, 904 So.2d at 404. "[O]rdinarily an evidentiary hearing is required for the trial court to properly determine . . . whether the newly discovered evidence is of `such nature that it would probably produce an acquittal on retrial.' In making this determination, `the judge will necessarily have to evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial,' so that the appellate court can `fully evaluate the quality of the evidence which demonstrably meets the definition of newly discovered evidence.'" McLin v. State, 827 So.2d 948, 956 (Fla.2002) (quoting Jones v. State, 591 So.2d 911, 915, 916 (Fla.1991)) (emphasis added). Here, without an evidentiary hearing, the second prong of Johnson goes woefully unaddressed.
In concluding that an evidentiary hearing is warranted, we have not overlooked our holding in MacFarland v. State, 929 So.2d 549 (Fla. 5th DCA 2006). In MacFarland, the defendant alleged that newly discovered evidence would exonerate him and attached the affidavit of John Wright, who claimed that he, not MacFarland, had committed the offenses. After an evidentiary hearing, the trial court found that the claim was untimely and denied MacFarland's motion. This court affirmed, writing:
In the instant case, the lower court correctly determined that MacFarland's claim was untimely. The evidence he relied upon was not new at all. Both MacFarland and Wright testified that they knew at the time the crimes were committed that Wright committed the crimes. The problem for MacFarland was that he could not compel Wright to incriminate himself. However, the lower court noted that the statute of limitations on those crimes barred the State from prosecuting Wright after four years from the date of the crimes. § 775.15(2)(a), Fla. Stat. (1991). As the crimes were committed in July 1991, the statute expired in July 1995. MacFarland could have obtained Wright's testimony within two years of July 1995 through the use of due diligence because he had regular contact with Wright's mother. However, MacFarland failed to present evidence of diligent efforts to obtain Wright's testimony during that time. Instead, Wright contacted MacFarland in 2002 or 2003 and offered his affidavit.
MacFarland argues that he could not compel Wright to incriminate himself until Wright decided to voluntarily come forward. We reject this argument because the right against self incrimination only applies when the witness's answers might incriminate him in future criminal proceedings. St. George v. State, 564 So.2d 152, 154 (Fla. 5th DCA 1990). Thus, Wright could not assert his privilege against self-incrimination after the statute of limitations ran in July 1995. See Markey v. Jae Sam Lee, 224 So.2d 789 (Fla. 2d DCA 1969).
Id. at 551.
The decision in MacFarland was resolved against the defendant in large part because of evidence received at the evidentiary hearing on the defendant's rule 3.850 motion that demonstrated that the defendant maintained regular contact with Wright's mother and, therefore, could have discovered the evidence at an earlier point in time.[3]Id. In contrast, based on the *1238 record before this court, there is no conclusive evidence to support a contention that Barrow could have discovered the newly discovered evidence prior to the date that Brandon wrote a letter to Barrow's mother acknowledging that he had previously lied regarding Brandon's involvement as the ringleader of the criminal offenses.
The trial court's summary denial of Barrow's newly discovered evidence claim must be reversed because the record fails to conclusively refute Barrow's facially sufficient motion for relief. At the ensuing evidentiary hearing, it will be Barrow's burden to show why the affidavit information could not have been uncovered earlier, through the exercise of due diligence. Cammarano v. State, 602 S.2d 1369, 1371 (Fla. 5th DCA 1992). Further, the trial court must resolve whether the affidavit is of such a character that it would probably produce an acquittal on retrial.
REVERSED and REMANDED for further proceedings consistent herewith.
SAWAYA, PALMER and MONACO, JJ., concur.
NOTES
[1] On July 23, 1998, Barrow was sentenced to life imprisonment following his convictions, after jury trial, for attempted first-degree murder with a firearm, attempted carjacking while armed, two counts of carjacking while armed, felony causing bodily injury, aggravated assault, and burglary of a structure while armed. His direct appeal was per curiam affirmed by this court. Barrow v. State, 736 So.2d 1203 (Fla. 5th DCA 1999). Barrow filed the instant rule 3.850 motion on June 29, 2005, which is well over two years after his judgment and sentence became final on direct appeal. However, because the claim asserted by Barrow is based on newly discovered evidence, it is not procedurally barred. See Fla. R.Crim. P. 3.850(b)(1) (recognizing an exception to the two-year time bar imposed on rule 3.850 claims when the claim asserted is based on facts that were unknown to the movant and could not have been discovered through the exercise of due diligence).
[2] In addition to the above statement, the affiant further claimed that he had coerced Barrow into committing the offenses by threatening him with death while pointing a firearm at Barrow.
[3] Because of the evidence adduced at the evidentiary hearing, this court was able to conclusively determine that MacFarland had "regular contact with [the affiant's] mother" and therefore could have discovered the information at issue at a much earlier point in time. MacFarland, 929 So.2d at 551.