944 So.2d 1230 (2006)
George PARKS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2558.
District Court of Appeal of Florida, Fifth District.
December 22, 2006.
George Parks, Jr., Lowell, pro se.
No Appearance for Appellee.
PER CURIAM.
George Parks, Jr., appeals from the denial of his latest rule 3.850 motion for postconviction relief, challenging convictions for crimes committed ten years ago *1231 in Citrus County, Florida.[1] This is Parks' ninth appellate proceeding challenging his convictions for sale of cocaine and possession of cocaine stemming from Fifth Judicial Circuit Case No. 96-CF-507. In his instant motion, Parks argues that the prosecutor improperly withheld from discovery a 1994 arrest affidavit for a confidential informant utilized by the State in Parks' case. In order to avoid the two-year deadline for rule 3.850 motions, Parks alleges that the 1994 arrest affidavit is newly discovered evidence that he did not become aware of until early in 2006.
However, it is clear from our review of Parks' prior postconviction filings that he was aware of the arrest (or at least the possibility of other arrests) at least as early as 2001. In a September 4, 2001, rule 3.850 motion, Parks alleged that his counsel was ineffective for failing to more fully investigate this same informant's "other crimes of dishonesty to support her [drug] addiction."[2] A claim of newly discovered evidence "must be made within two years from the date upon which the evidence could have been discovered through the use of due diligence." MacFarland v. State, 929 So.2d 549, 550 (Fla. 5th DCA 2006). It is abundantly clear that Parks knew about this informant's other prior arrests when he filed his September 4, 2001 motion, and he has made no showing as to why he could not have discovered the 1994 arrest affidavit within two years of that date. Therefore, we find that Parks' current rule 3.850 motion, filed on June 18, 2006, was clearly time-barred. As such, the trial court's summary denial was proper.
Because Parks's current appeal appeared to be frivolous, this Court issued a Spencer[3] show cause order. In response, Parks simply attempts to re-argue the merits of his rule 3.850 motion. Having carefully considered Parks's response, along with his prior filings with this Court, we find that Parks is clearly abusing the judicial process with his successive attacks on his convictions and sentences in this case. Therefore, in order to conserve judicial resources, we prohibit George Parks, Jr., from filing with this Court any further pro se pleadings concerning Citrus County, Fifth Judicial Circuit Case No. 96-CF-507. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough."). The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
PLEUS, C.J., PALMER, and LAWSON, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850.
[2] At trial, the parties discussed the informant's arrests for possession of cocaine and uttering a forged check. These charges were pending against the informant at the time of Parks's trial. According to Parks's motion, the 1994 arrest was for attempting to acquire a controlled substance by fraud. That charge was dismissed in October 1995, after the informant successfully completed a pretrial diversion program.
[3] State v. Spencer, 751 So.2d 47 (Fla.1999).