EMAS, J.
Appellant, D’Andre Rolack, appeals the trial court’s summary denial of his motion for post-conviction relief. We affirm in part and reverse in part.
Rolack’s motion was based upon affidavits from two witnesses: Joy Battle and Johnny Darling. Rolack asserted in his motion that both affidavits constituted newly-discovered evidence[1] and that the *452 nature of this evidence was such that it would probably produce an acquittal at a new trial. The trial court denied the motion without an evidentiary hearing.
We hold the trial court correctly determined the affidavit and proffered testimony of Joy Battle was not “newly-discovered,” as Joy Battle and her testimony were concededly known to the defense at the time of trial, but she was not called to testify. To qualify as newly-discovered, the evidence “must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.” Jones v. State, 709 So.2d 512, 521 (Fla.1998).
With regard to the recanted testimony of Johnny Darling and his proffered testimony at a new trial, the trial court determined that, even though it was newly-discovered, it did not meet the second prong of Jones, which requires a defendant to establish that the evidence is “of such a nature that it would probably produce an acquittal upon retrial.” Id. In reaching such a conclusion, a trial court is required to “consider all newly discovered evidence which would be admissible” at trial and then evaluate the “weight of both the newly discovered evidence and the evidence which was introduced at the trial.” Id.
Although an evidentiary hearing is not automatically required before making this determination, see e.g., Poff v. State, 41 So.3d 1062 (Fla. 3d DCA 2010); Andrews v. State, 919 So.2d 552 (Fla. 4th DCA 2005); Williams v. State, 876 So.2d 1234 (Fla. 4th DCA 2004), an evidentiary hearing is the general rule rather than the exception. This is especially true in the case of recanted testimony, because the trial court is obligated to assess the weight and credibility of the witness’ new testimony. McLin v. State, 827 So.2d 948, 955 (Fla.2002). An order which summarily denies a motion for postconviction relief must demonstrate that the court conducted the requisite evaluation, including attaching those portions of the record which conclusively demonstrate the defendant is entitled to no relief. Id. at 955-56; Fla. R.Crim. P. 3.850(d) (providing “[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing”); Fla. R.App. P. 9.141(b)(2)(D) (providing “[o]n appeal from the [summary] denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief’).
The order summarily denying relief failed to meet this requirement; it indicated, without evaluation and without record attachments, that Darling’s recanted testimony was inconsistent with the other testimony and other evidence adduced at trial. The trial court then concluded Rolack had failed to establish the evidence is of such a nature that it would probably produce an acquittal at a new trial.[2]
*453 Because the order fails to conclusively demonstrate the appellant is entitled to no relief, we reverse that portion of the order which denied Rolack’s motion for postcon-viction relief predicated upon the recanted testimony of Johnny Darling. On remand, the trial court shall either enter a new order which includes those portions of the record conclusively establishing Rolack is entitled to no relief, or hold an evidentiary hearing on the portion of Rolack’s claim which was predicated upon the recanted testimony of Johnny Darling.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

. The affidavit of Johnny Darling consisted of a recantation of his trial testimony in which he testified as a State witness.

. Recanted testimony is a discrete form of newly-discovered evidence and postconviction relief predicated upon recanted testimony is subject to a different and more stringent test than other newly-discovered evidence. A defendant is entitled to a new trial based upon recanted testimony only if (1) the trial court is satisfied that the recantation is true; and (2) the witness’ testimony will change to such an extent as to render probable a different verdict. Armstrong v. State, 642 So.2d 730, 735 (Fla.1994). This more rigorous standard reflects the fact that “recanting testimony is exceedingly unreliable, and it is the duty of *453 the court to deny a new trial where it is not satisfied that such testimony is true. Especially is this true where the recantation involves a confession of perjury.” Id. (quoting Henderson v. State, 135 Fla. 548, 185 So. 625, 630 (1938)). However, this standard is applied only in the ultimate determination of whether a defendant is entitled to a new trial. It does not affect the initial determination of whether a defendant is entitled to an eviden-tiary hearing on a postconviction claim. That standard, as set forth in Florida Rule of Criminal Procedure 3.850(d), is the same regardless of the nature of the newly-discovered evidence.