NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATHAN C. FLOYD,                          )
                                          )
                    Appellant,            )
                                          )
v.                                        )          Case No. 2D15-5073
                                          )
STATE OF FLORIDA,                         )
                                          )
                    Appellee.             )
_____)

Opinion filed October 14, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Susan L. Barthle, Judge.

Dane K. Chase of Chase Law Florida, P.A.,
St. Petersburg, for Appellant.


LaROSE, Judge.


Nathan C. Floyd appeals the summary denial of his motion and

supplemental motion for postconviction relief from his conviction for sexual battery. In

his motion, he sought, among other things, a new trial based upon his alleged discovery

of new evidence. See Fla. R. Crim. P. 3.850. We have jurisdiction. See Fla. R. App. P.

9.030(b)(1)(A); 9.140(b)(1)(D). Because the record does not conclusively show that Mr.

Floyd is not entitled to relief, and the nature of the alleged newly discovered evidence

warranted an evidentiary hearing, we reverse and remand.  We affirm the denial of Mr. Floyd's other claims without further discussion.

Mr. Floyd agreed to pay the victim $100 in exchange for sex.  During their encounter, Mr. Floyd allegedly threatened her with a knife, at which point the sex was nonconsensual.  Mr. Floyd left without paying her the initially agreed-upon $100.  The State charged Mr. Floyd with sexual battery.  See § 794.011, Fla. Stat. (2011).

At trial, the victim testified about the sexual encounter.  Two other prostitutes, B.M. and A.B., also testified to similar incidents with Mr. Floyd.  There were no witnesses to the alleged rapes.  The defense theorized that Mr. Floyd had consensual sex with the prostitutes and, upon his failure to pay for their services, they schemed to accuse him of rape.  The only support for this defense was the defense's cross-examination of the witnesses.  The jury convicted Mr. Floyd of sexual battery in 2012.  We affirmed his judgment and sentence in April 2014.  Floyd v. State, 138 So. 3d 446 (Fla. 2d DCA 2014) (table decision).

After Mr. Floyd's trial, Rebecca Pacino and Rachel Troupe came forward with allegedly new evidence.  They claimed that they were in the same jail as B.M., a witness who testified against Mr. Floyd.  Ms. Pacino claimed that she overheard B.M. say that she and three of her friends were going to testify that Mr. Floyd raped them, although he never did.  B.M. was upset that Mr. Floyd did not pay for her services, and she was going to make sure it never happened again.

Ms. Troupe was also in jail with B.M. and overheard her talking about Mr. Floyd's upcoming trial.  Ms. Troupe said that B.M. laughed every time she talked about it and B.M. said that Mr. Floyd actually failed to pay only three girls, but there were five

girls who were going to testify just so he would not get free sex again. Ms. Pacino and Ms. Troupe disavowed a personal interest in Mr. Floyd's case.

Mr. Floyd provided the postconviction court with affidavits from both women reiterating what they overheard. He claims that this new evidence demonstrates that B.M. and A.B. perjured themselves at trial and that Ms. Pacino's and Ms. Troupe's testimony would probably produce an acquittal on retrial.

The postconviction court summarily denied the claim for several reasons. First, Mr. Floyd characterized the new evidence as perjury by both B.M. and A.B., but the affidavits identify only B.M. Second, the court noted that the evidence would have been admissible solely for impeachment purposes; the new evidence was just another effort to convince the jury that the victim's testimony about the use of a knife during the encounter was manufactured. The defense presented this theory of defense to the jury throughout the trial. Nevertheless, the jury convicted Mr. Floyd. The postconviction court ruled that this alleged newly discovered evidence would probably not result in an acquittal on retrial.

"On appeal from the [summary] denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D).

To obtain relief based on newly discovered evidence, Mr. Floyd had to establish that the evidence offered was unknown by Mr. Floyd or by his counsel at the time of trial and that neither Mr. Floyd nor his counsel could have known of it by the use of diligence. See Johnson v. State, 904 So. 2d 400, 404 (Fla. 2005). Mr. Floyd also

was required to demonstrate that the newly discovered evidence was of such a nature that it would probably produce an acquittal on retrial. See id. The postconviction court must "consider all newly discovered evidence which would be admissible" and must "evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial." Jones v. State, 591 So. 2d 911, 916 (Fla. 1991). Because the postconviction court appropriately evaluated the claim as newly discovered evidence, we need consider only whether the newly discovered evidence would probably result in an acquittal on retrial.

In Barrow v. State, 940 So. 2d 1235, 1237-38 (Fla. 5th DCA 2006), the court reversed and remanded Mr. Barrow's appeal of the summary denial of his postconviction motion. At trial, Mr. Barrow presented a defense of duress, claiming he was threatened with great bodily harm and death at all times relevant to the offenses for which he was convicted. Id. at 1235-36. Long after his judgment and sentence, Mr. Barrow obtained an affidavit from his codefendant admitting Mr. Barrow was acting under extreme duress. Id. at 1235. The court held that the affidavit constituted newly discovered evidence that could not have been discovered at trial, satisfying the first prong of Johnson. Barrow, 940 So. 2d at 1236. The court noted that an "evidentiary hearing [was] thus needed to resolve the credibility of the allegations." Id. The court reasoned that usually, the trial court must hold an evidentiary hearing to properly determine whether a defendant meets the second prong of Johnson by evaluating the weight of the new evidence with that presented at trial. Barrow, 940 So. 2d at 1237. The postconviction court's failure to hold an evidentiary hearing resulted in the "second prong of Johnson go[ing] woefully unaddressed." Id. at 1237.

- 4 -

In Reichman v. State, 966 So. 2d 298, 317 (Fla. 2007), the supreme court affirmed the order denying Mr. Reichman's rule 3.850 motion based on newly discovered evidence. Mr. Reichman presented the postconviction court with newly discovered witnesses whose testimony, he claimed, entitled him to a new trial. Id. at 314. The court held an evidentiary hearing and found that the testimony of the witnesses would probably not have resulted in an acquittal on retrial. Id. at 316. The court reasoned that the testimony was hearsay and would not have been admitted at trial, the testimony was inconsistent with Mr. Reichman's own testimony, and the testimony was less credible than the other evidence presented at trial. Id. at 316-17. The court noted that it would not substitute its evaluation for that of the trial court. Id. at 317. Similarly, we do not substitute our evaluation of the newly discovered evidence in Mr. Floyd's case over that of the postconviction court.

We are compelled to conclude that the postconviction court failed to make a proper evaluation of the second prong of Johnson. Although an evidentiary hearing is not a prerequisite in making this determination, see, e.g., Poff v. State, 41 So. 3d 1062, 1064 (Fla. 3d DCA 2010), "an evidentiary hearing is the general rule rather than the exception," Rolack v. State, 93 So. 3d 450, 452 (Fla. 3d DCA 2012). The court in Barrow remanded for an evidentiary hearing in order to resolve credibility issues. 940 So. 2d at 1236. The court's reasoning in Reichman was based on information gathered at the evidentiary hearing. 966 So. 2d at 317. Without holding an evidentiary hearing, the postconviction court here could not adequately determine that the evidence would probably produce the same result on retrial.

We acknowledge that the newly discovered evidence presented by Mr. Floyd may be admissible only for impeachment purposes. However, the affidavits support Mr. Floyd's allegation that the women who testified at trial were lying. This is consistent with his theory of defense. Because the record fails to conclusively refute Mr. Floyd's motion for relief, the postconviction court erred in summarily denying the claim. Therefore, we reverse and remand for further proceedings on the newly discovered evidence claim raised by Mr. Floyd.

Affirmed, in part, reversed, in part and remanded.

BLACK and SALARIO, JJ., Concur.