IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HUGO QUENTAL BARROS,

       Appellant,

v.                                                                                    Case No.  5D18-1181

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed September 28, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Dan Traver, Judge.

Lisabeth J. Fryer, of Lisabeth J. Fryer, P.A.,
Lake Mary, for Appellant.

No Appearance for Appellee.


PER CURIAM.

     Appellant, Hugo Quental Barros, appeals the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which

alleged one claim of newly discovered evidence.  In his motion, Appellant alleges that

one of the two victims who testified against Appellant at trial has recanted.  The trial court

summarily denied the motion finding that the recantation is not credible, and that even if

it were credible, it is contradicted by the other victim's trial testimony. We reverse, finding that an evidentiary hearing on this claim is necessary.

At Appellant's trial, two witnesses testified that they were shot and identified Appellant as the shooter. Appellant's motion now attaches an affidavit from one of the victims recanting his testimony. The recanting witness alleges that Appellant was not the shooter and that he was forced to identify Appellant as the shooter due to threats from law enforcement.

Florida courts recognize that "recantations are 'exceedingly unreliable.'" *Archer v. State*, 934 So. 2d 1187, 1196 (Fla. 2006) (collecting cases). Thus, when a movant alleges newly discovered evidence in the form of recanted testimony, a movant is entitled to a new trial only if the trial court finds that the recantation is true and that "the witness's testimony will change to such an extent as to render probable a different verdict." *Robinson v. State*, 736 So. 2d 93, 93 (Fla. 4th DCA 1999) (quoting *Armstrong v. State*, 642 So. 2d 730, 735 (Fla. 1994)). Generally, in such circumstances, an evidentiary hearing is required to evaluate the veracity of the recanting witness. *Id.*

In this case, the trial court determined the recanting witness's credibility and weighed conflicting testimony based upon the proffered affidavit. Given that the affidavit was not "inherently incredible" nor "obviously immaterial," *see Davis v. State*, 26 So. 3d 519, 526 (Fla. 2009), we conclude that the trial court improperly made these determinations without the benefit of an evidentiary hearing.

As such, we reverse and remand for an evidentiary hearing.

REVERSED and REMANDED.

EVANDER, BERGER and EISNAUGLE, JJ., concur.

2