PER CURIAM.
Dontravis Smith appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, in which he alleged a claim of newly-discovered evidence. In his motion, Smith alleged that Rakim Sharpe, one of the two robbery victims, had recanted his testimony identifying Smith as one of the perpetrators. Sharpe's affidavit was attached to the motion. Significantly, in his affidavit, Sharpe averred that the other victim, Willie Lofton, had admitted giving false identification testimony at trial. Because the record does not conclusively show that Smith is not entitled to relief, and the nature of the alleged newly-discovered evidence warranted an evidentiary hearing, we reverse.
At trial, Sharp testified, with an admitted degree of uncertainty, that Smith was one of the individuals who had robbed him. By contrast, Lofton's identification testimony was unequivocal. The alleged newly-discovered evidence, as set forth in Sharpe's affidavit, would arguably undermine his identification testimony at trial, as well as impeach Lofton's trial testimony. Furthermore, the affidavit was not "inherently incredible" nor "obviously immaterial." See Davis v. State , 26 So.3d 519, 526 (Fla. 2009). Accordingly, we conclude that the trial court erred in failing to conduct an evidentiary hearing on Smith's motion. See Barros v. State , 254 So.3d 1186, 1187 (Fla. 5th DCA 2018) (holding evidentiary hearing required to evaluate testimony of recanting witness where witness' affidavit not inherently incredible nor obviously immaterial); Floyd v. State , 202 So.3d 137, 140 (Fla. 2d DCA 2016) (holding evidentiary hearing required even though alleged newly-discovered evidence would be admissible only for impeachment purposes; affidavits were consistent with appellant's theory of defense that witnesses who testified at trial had knowingly given false testimony).
REVERSED and REMANDED for an evidentiary hearing.
EVANDER, EISNAUGLE and HARRIS, JJ., concur.