PER CURIAM.
Defendant, Robert Morgan, appeals his judgments and sentences which were imposed by the trial court after a jury found defendant guilty on four counts of sexual battery, section 794.011(3), Florida Statutes (1989), one count of kidnapping, section 787.01, Florida Statutes (1989), and one count of aggravated battery, section 784.-045(l)(b), Florida Statutes (1989).
Defendant raises several issues on appeal. We have considered all of these issues and find that only one has merit.
In its sentence on the count for the aggravated battery conviction, the trial court imposed a term of life imprisonment and then- provided that “defendant is not eligible for release for 12 years.” The trial court erred in imposing this sentence. Because the offense of aggravated battery is a second degree felony, the statutory maximum is 15 years. § 775.082, Fla.Stat. (1989). Neither in its oral pronouncement nor in the written sentence did the trial court indicate that the applicable habitual offender statute, section 775.084(4)(b)2, Florida Statutes (1989), was to be applied. Under that statute the maximum sentence that can be imposed on a defendant for a second degree felony conviction is a term of thirty years imprisonment and a defendant sentenced thereunder shall not be eligible for release for ten years.
We affirm defendant’s judgments and sentences except the sentence for the aggravated battery conviction. We vacate defendant’s sentence of life imprisonment *779 with no eligibility for release for 12 years and remand this cause to the trial court -for resentencing on the aggravated battery offense.
AFFIRMED in part; REVERSED in part; REMANDED.
GOSHORN, HARRIS and DIAMANTIS, JJ., concur.