662 So.2d 1287 (1995)
Clifford C. WEBBER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1920.
District Court of Appeal of Florida, Fifth District.
September 29, 1995.
Rehearing Denied November 21, 1995.
Clifford C. Webber, Raiford, pro se.
No appearance for Appellee.
W. SHARP, Judge.
Webber appeals the summary denial of his second motion filed pursuant to Rule 3.850. This is his fifth appearance before this court concerning his 1985 conviction and sentence for sexual battery[1] and lewd and lascivious assault upon a child.[2] The direct appeal was affirmed in 1986. He then filed a mandamus petition in 1987; an unsuccessful appeal of a prior motion pursuant to Florida Rule of Criminal Procedure 3.850 in 1988; an appeal from an untimely motion for new trial in 1989; and a 1990 habeas corpus petition claiming ineffective assistance of appellate counsel, which we denied. We affirm.
Webber raises four grounds in this proceeding for collateral relief:
1. He was denied his constitutional right to a fair trial by an impartial jury where the HRS case worker bolstered the credibility of the testimony of a prosecution witness;
2. He was denied his constitutional right to a fair trial by an impartial jury where the state's expert medical witness bolstered the credibility of the testimony of a prosecution witness;
3. He was denied his constitutional right to a fair trial by an impartial jury where the prosecutor not only bolstered the credibility of the state's expert *1288 witnesses and the testimony of the prosecution's chief witness, but also used the expert witnesses to bolster the credibility of the prosecution's chief witness, and the prosecutor inserted her own opinion, discrediting the defense's witnesses, and showed prejudice towards the defendant in front of the jury;
4. His right to equal protection was violated during the jury-selection process because the prosecution used gender-based peremptory strikes against men.
We agree with the trial judge that the first three grounds are barred as successive and untimely. Also, they were available to have been presented on direct appeal, and do not constitute newly discovered evidence or any other category of issue which could escape the two-year time limit imposed by Rule 3.850(b). Torres-Arboleda v. Dugger, 636 So.2d 1321, 1323-24 (Fla. 1994); Johnson v. State, 593 So.2d 206, 208 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); Scott v. Dugger, 634 So.2d 1062 (Fla. 1993).
As for the fourth ground, the trial judge correctly relied in part upon the state's arguments. First, the defendant made no showing that this claim could not have been raised at trial (as trial counsel did in Abshire v. State, 642 So.2d 542 (Fla. 1994), by relying upon the 1984 decision in State v. Neil, 457 So.2d 481 (Fla. 1984)). Second, the supreme court has determined that similar jury selection/discrimination claims do not constitute a fundamental change in law which would authorize a collateral attack. Roberts v. State, 568 So.2d 1255, 1258 (Fla. 1990) (claim of discriminatory peremptories could have been raised on direct appeal; decision is not such a change in the law as to preclude a procedural bar under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980)); State v. Safford, 484 So.2d 1244 (Fla. 1986) (opinion in Neil, concerning racially discriminatory use of peremptory challenges, applies only to cases where original trial or original appeal had not been completed when Neil became effective; Rule 3.850 cannot be used to collaterally attack final judgments). Third, the defendant's claim was not brought within two years. Fourth, he did not raise the claim either in his direct appeal or in his first 3.850 motion. Fifth, as the state noted, the record is extremely cold, and there is no way to tell if there was any improper jury selection process. Defendant's mere assertion that there was is insufficient.
In this proceeding, Webber appealed after the trial court denied his Rule 3.850 motion. He then filed a motion in the trial court asking that it allow him to submit an amendment to his motion. The trial court denied his request because it lacked jurisdiction pending this appeal. Webber thereafter moved this court to allow him to amend his post-conviction motion. We allow him to do so, and elect to treat it as a brief filed in this cause. The amendment reargues Webber's fourth point raised in the original motion, supplemented with additional legal authority. Webber's Rule 3.850 motion, as amended, is barred by being untimely, successive, and at this point an abuse of process. See Leone v. State, 657 So.2d 26 (Fla. 5th DCA 1995).
AFFIRMED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 794.011(2), Florida Statutes (1983).
[2] § 800.04, Florida Statutes (1983).