PER CURIAM.
We reverse the summary denial of appellant’s motion for post-conviction relief. Appellant’s claim is that his lawyer was ineffective because he knew that the state could not locate its only witness, the victim of the alleged sex related charges, but did not inform appellant. If appellant had known, he would not have entered a plea.
The state’s response rests on a memorandum in the state attorney’s file indicating the state attorney was having difficulty finding the victim. The state’s position, which apparently persuaded the trial court, was that this memorandum was a public record which could have been obtained by the appellant in 1997, and his claim is time-barred under rule 3.850. The record, however, does not demonstrate that this was a public record.
Appellant argues that the memorandum is newly discovered evidence, only recently made available to him in proceedings brought against him under the Jimmy Ryce Act. We cannot agree with the state that, based on this record, appellant’s motion is time-barred. We therefore reverse for an evidentiary hearing.
GUNTHER, KLEIN and SHAHOOD, JJ., concur.