912 So.2d 642 (2005)
Robert MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2305.
District Court of Appeal of Florida, Fifth District.
September 9, 2005.
Rehearing Denied October 18, 2005.
*643 Robert Morgan, Monticello, pro se.
No Appearance for Appellee.
SHARP, W., J.
Morgan appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 for post-conviction relief. He seeks to challenge his 1990 convictions for four counts of sexual battery,[1] one count of kidnapping,[2] and one count of aggravated battery.[3] He was sentenced to concurrent terms of life for the sexual batteries, to a concurrent life sentence for kidnapping as an habitual offender, and a concurrent life term, ineligible for parole, for twelve years for the aggravated battery. He appealed and this court affirmed the convictions and sentences except for the aggravated battery sentence, because the life sentence without eligibility for parole for twelve years exceeded the statutory maximum. See Morgan v. State, 575 So.2d 778 (Fla. 5th DCA 1991). On remand, he received a fifteen-year sentence for aggravated battery.
Morgan filed a rule 3.850 motion previously in the circuit court, asserting his trial counsel was ineffective. Although Morgan contends this motion was denied, the trial court indicates Morgan voluntarily dismissed this motion.
Because the record is unclear, we do not decide this cause based on whether or not this additional motion filed pursuant to rule 3.850 is successive. In any event, the motion considerably exceeds the two year time limitation in rule 3.850(b), and thus to succeed, Morgan must establish one of the exceptions to the time limit. Morgan asserts he is in possession of "newly discovered evidence," and he claims the sentences for the sexual battery convictions violate his double jeopardy rights. We reject both grounds.
Morgan claims that the court should have considered his claim of "newly discovered evidence," based on his allegation that the state presented him with a plea offer of 17 to 22 years, but his trial counsel failed to communicate the offer to him and had he done so, Morgan would have accepted it. He also alleges that he was not made aware of the plea offer years ago at the time of his trial and that this information was in the state attorney's case files between May 1989 and May 1990. However, the exception to the time limitation in the Rule also requires an allegation and eventual proof, that the newly discovered evidence was unknown to the court, party or counsel at the time of the trial and that the defendant or counsel could not have discovered the evidence by the use of due diligence. State v. Gunsby, 670 So.2d 920 (Fla.1996).
Morgan's motion was filed fourteen years, two months and seventy-three days after the issuance of the mandate in this case: March 25, 1991. Morgan offers no allegation about how he obtained the information about a plea offer, why he could not have obtained it earlier, nor why his counseltrial or appellatecould not have done so, by the use of due diligence within the two year time period for filing a rule 3.850 motion.
Morgan's second ground seeks to attack his four sexual battery convictions as violative of his double jeopardy rights. This claim should have been raised on direct appeal. See Webber v. State, 662 So.2d 1287 (Fla. 5th DCA 1995). If cognizable *644 as a rule 3.850 proceeding, it is untimely. We have also held that this issue cannot be raised in a rule 3.800(a) motion because double jeopardy claims challenge the judgment of convictionnot the sentencesand they raise fact issues which are not apparent from the face of the record. See Smith v. State, 886 So.2d 336 (Fla. 5th DCA), cause dismissed, 902 So.2d 792 (Fla.2004).
Incorporated in this second ground, Morgan asserts that had proper DNA testing results been "reviewed on record," he would have been convicted of lesser crimes and received a lesser sentence, because the tests would have indicated that the victim had sexual relations with other men on the day of the crimes for which he was convicted. It is unclear from this allegation whether Morgan is asserting the test results were or were not introduced in evidence at his trial and whether he is claiming ineffective assistance of counsel. In any event, incompetent counsel claims are time barred.[4]
If Morgan is seeking to raise a DNA testing defense, which could exonerate him from having committed these sexual battery crimes, it must be raised pursuant to rule 3.853 and it must meet the rule's stringent requirements. One of the requirements is a statement that the movant is innocent and a description of how the DNA testing requested will exonerate the movant of the crime for which the movant was sentenced, or how it would mitigate the sentence received. The alleged fact that the victim may have had sexual relations with other men on the day of the crimes does not meet this requirement.[5] And, it also appears that evidence in Morgan's case was already DNA tested, or if not, Morgan fails to describe it or its current location.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] § 794.011(3), Fla. Stat.
[2] § 787.01, Fla. Stat.
[3] § 784.045(1)(b), Fla. Stat.
[4] Fla. R.Crim. P. 3.850(b).
[5] See, e.g., Cole v. State, 895 So.2d 398 (Fla.2004); Olvera v. State, 870 So.2d 927 (Fla. 5th DCA), rev. denied, 885 So.2d 388 (Fla.2004).