958 So.2d 1017 (2007)
Russell J. OSBORNE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-4224.
District Court of Appeal of Florida, Fifth District.
June 1, 2007.
*1018 Russell J. Osborne, Jr., Bristol, pro se.
No Appearance for Appellee.
PALMER, J.
Russell J. Osborne, Jr. (defendant) appeals the order entered by the trial court summarily denying his rule 3.850 motion for postconviction relief.[1] Determining that the trial court erred in concluding that the defendant's motion was untimely filed, we reverse.
In 1994, the defendant pled nolo contendere to committing four counts of lewd and lascivious acts upon his child, who was under 16 years of age. He was sentenced to a term of community control followed by a term of probation. No direct appeal was taken.
In 1997, the defendant was adjudicated guilty of violating his community control and was sentenced to a term of twelve years' incarceration on each count. Again, no direct appeal was taken.
The defendant has now filed a rule 3.850 motion. The sole issue raised in the motion is the claim that the defendant's trial counsel was ineffective for failing to advise the defendant of the contents of a private investigator's report regarding the infidelity of the defendant's wife. The defendant contends that this claim constitutes newly discovered evidence because he did not learn of the existence of the contents of said report until 2005, when his father told him about it.
In the motion, the defendant alleges that his wife fabricated allegations that the defendant sexually abused their child in order to remove the defendant from the home, so that she could openly engage in an affair with her paramour. The motion further alleges that the defendant told his trial counsel about his wife's affair, but his attorney advised him that, since there was no proof of same, entering a plea would be in his best interest. The motion alleges that the private investigator's report did in fact provide proof of his wife's affair but his trial counsel failed to disclose its existence to him. The motion alleges that the defendant would not have entered his pleas if trial counsel had disclosed the private investigator's report to him.
The trial court summarily denied the defendant's motion, concluding that the information did not qualify as being newly discovered evidence because the defendant admitted that his trial counsel was aware of the existence of the report at the time of trial. In addition, the trial court held that the basis of the defendant's claim was hearsay within hearsay within hearsay, which did not meet the criteria for admissibility. This appeal timely followed.
Rule 3.850(b) of the Florida Rules of Criminal Procedure provides that a motion *1019 filed pursuant to the rule shall not be considered if filed more than two years after the defendant's judgment and sentence became final, unless the motion alleges that the facts upon which the claim is predicated were unknown and could not have been ascertained by the exercise of due diligence.
The trial court rejected the defendant's newly discovered evidence claim on the basis that the defendant's trial counsel commissioned the report and, therefore, was aware of the report at the time of trial. To support its ruling, the trial court cited to State v. Gunsby, 670 So.2d 920 (Fla.1996), wherein the Court explained that, generally, to qualify as newly discovered evidence, the evidence must have been unknown to the court, party, and counsel at the time of the trial. However, the basis of defendant's motion is that, although his trial counsel had possession of this report at the time of the entry of the defendant's plea, counsel was ineffective in not disclosing it to the defendant. Thus, counsel's knowledge of the report cannot be used to defeat the defendant's claim that he was unaware of this report during the time period normally available to file a motion for postconviction relief due to counsel's ineffectiveness. The trial court should have conducted a hearing to determine when the defendant personally knew or reasonably should have known of the report. Accordingly, we reverse the trial court's determination that the motion was not timely filed because of trial counsel's knowledge of the report.
In addition, the trial court's conclusion that the information supporting the defendant's motion was hearsay within hearsay within hearsay is not a proper basis for the summary denial of the motion. If the allegations of the motion, on their face, would be sufficient to grant the motion if true, then the defendant is entitled to receive a hearing. In postconviction proceedings alleging newly discovered evidence, a defendant must show that withdrawal of the plea is necessary to correct a manifest injustice. Miller v. State, 814 So.2d 1131 (Fla. 5th DCA 2002). Ordinarily, that determination needs to be made by the trial court after conducting an evidentiary hearing. See e.g., Barrow v. State, 940 So.2d 1235 (Fla. 5th DCA 2006). Accordingly, the trial court is directed to set an evidentiary hearing on the defendant's motion.
REVERSED and REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850.