15 So.3d 625 (2009)
Cesar RIVERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-340.
District Court of Appeal of Florida, Third District.
June 17, 2009.
Rehearing Denied July 13, 2009.
*626 Carlos J. Martinez, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Cesar Rivero appeals a circuit court order denying his motion for relief under Florida Rule of Criminal Procedure 3.850 without an evidentiary hearing. We affirm.
Rivero claimed in a motion filed in August 2007 that "newly discovered evidence" regarding plea negotiations in 1999 warranted an evidentiary hearing. The procedural history of his trial and conviction, together with the equivocal nature of the comments alleged to constitute the "newly discovered evidence," demonstrate that no new evidentiary hearing was required.
In 1999, Rivero was convicted of second-degree murder with a firearm and was sentenced to 34 years in state prison. This Court affirmed the conviction and sentence the following year. Rivero v. State, 763 So.2d 336 (Fla. 3d DCA 2000). In 2002, Rivero filed a motion under Rule 3.850 claiming ineffective assistance of his trial counsel. During an evidentiary hearing on that motion in 2005, Rivero's trial counsel said:
But again, your plea was, at the time I think was very high. I even thought it was high, and I tried to get it lower. You wouldn't go lower. I think we even approached Judge Rothenberg at the last minute, but she wasn't very receptive to offering something, and Mr. Rivero was not interested in taking a plea. I mean, obviously if it was probation or five years, maybe he would have taken it, but if I go off memory, I think your plea offer was maybe you went down to 18 years. I'm not sure, but it was around 20 years, around there (emphasis supplied).
Following the evidentiary hearing, the trial court denied the motion. Rivero appealed, and we affirmed. Rivero v. State, 939 So.2d 109 (Fla. 3d DCA 2006).
In 2007, Rivero filed another motion under Rule 3.850, this time alleging that his trial counsel's 2005 testimony was newly-discovered evidence of ineffective assistance of counsel during the 1999 plea negotiations. The motion included affidavits from Rivero, his mother, and his sisters, all of which stated that they were advised of pretrial plea offers carrying a sentence of more than 20 years, particularly in a range from 24 to 32 years, and that they were never advised of an offer carrying an 18 to 20 year sentence. No affidavit from Rivero's trial counsel was attached to confirm *627 with any degree of certainty[1] that a plea offer of 18, 20, or any other number of years less than 24, was ever made by the State.
The circuit court denied the 2007 motion because there was no allegation or proof that the "newly discovered evidence" was unknown to the court, parties, or counsel at the time of trial and could not have been discovered with due diligence within the two year period allowed by Rule 3.850. Morgan v. State, 912 So.2d 642 (Fla. 5th DCA 2005) (citing State v. Gunsby, 670 So.2d 920 (Fla.1996)).[2] We agree.
Affirmed.
CORTIÑAS, J., concurs.
SHEPHERD, J., dissenting.
For the reasons set forth below, I would reverse the summary denial of Rivero's Florida Rule of Criminal Procedure 3.850 motion for further proceedings.
In 1999, Rivero was convicted of second-degree murder with a firearm and was sentenced to thirty-four years in state prison. On June 28, 2000, we affirmed Rivero's conviction and sentence. Rivero v. State, 763 So.2d 336 (Fla. 3d DCA 2000). Our mandate issued on July 18, 2000. In October 2002, Rivero filed a Rule 3.850 motion, alleging his trial counsel was ineffective by failing to adequately develop his defenses and failing to present a self-defense theory at trial. On September 15, 2005, the trial court held an evidentiary hearing on the motion. While testifying at the hearing, Joel Defabio, Rivero's trial counsel, remarked, "[I]f I go off memory, I think your plea offer was maybe you went down to 18 years. I'm not sure, but it was around 20 years, around there." (emphasis added). The trial court denied the pending motion,[3] and we affirmed. See Rivero v. State, 939 So.2d 109 (Fla. 3d DCA 2006).
A year later, on August 31, 2007, Rivero filed another Rule 3.850 motion, this time alleging newly discovered evidence on the ground that Defabio never conveyed a plea offer to him in the range stated at the September 15, 2005 evidentiary hearing, and that he first became aware of this fact on that date.[4] He further alleged that if his attorney had communicated the offer to him before trial, he would have accepted it. Four affidavits were attached to Rivero's motionhis own, his mother's, and his two sisters'all of which stated they were advised of plea offers carrying a sentence of more than twenty years, particularly in the range from twenty-four to thirty-two years, but were never advised of an offer *628 carrying an eighteen to twenty-year sentence.
The trial court denied Rivero's Rule 3.850 motion without evidentiary hearing. In its written order, the trial court noted "there is no newly discovered evidence." In support of its finding, the court placed its sole reliance upon Morgan v. State, 912 So.2d 642 (Fla. 5th DCA 2005). The majority does the same here. However, as the State concedes, Morgan does not support affirmance in this case.
In Morgan, Morgan claimed the court should have considered his claim of "`newly discovered evidence,' based upon his allegation that the [S]tate presented him with a plea offer of 17 to 22 years, but his trial counsel failed to communicate the offer to him and had he done so, Morgan would have accepted it." Id. at 643. The Fifth District Court of Appeal expressed no concern over the "degree of certainty" of the offer. See supra p. 627. Instead, the court focused on the second prong of the "newly discovered evidence" exception to the two-year limit for filing a motion to vacate a judgment under Florida Rule of Criminal Procedure 3.850(b),[5] whether the evidence "could ... have been ascertained with the exercise of due diligence." Morgan, 912 So.2d at 643. Noting that "Morgan's motion was filed fourteen years ... after the issuance of the mandate" in the case, and that "Morgan offer[ed] no allegation about how he obtained the information about a plea offer[or] why he could not have obtained it earlier," the court affirmed the trial court's denial of relief. See id. at 643. In our case, of course, Rivero acted well within two years after he knew of the alleged failure of his counsel and fully explained why he could not have ascertained the alleged failure at an earlier time.[6]Morgan is not apposite.
As an alternative ground for affirmance, the State argued below that the statement by Defabio, and those contained in the affidavits, do not demonstrate the State made a firm offer that was not communicated. Although not relying on this argument for affirmance, the majority expresses a similar discomfort. The range expressed by counsel for Rivero was less than half of that alleged by Morgan in Morgan, the case relied upon by the majority. While it is true Rivero did not obtain an affidavit from his former trial counsel, there is nothing to be made of that at this pointabsent perhaps engaging in impermissible evidence weighing or a credibility ascription.[7] Unlike in *629 Morgan, here, the defendant states he was unaware of the eighteen to twenty-year plea offer at the time of trial and only became aware of it September 15, 2005. Neither the trial court order nor the attachments refute his claim.
On appeal from a summary denial, this Court must reverse unless the record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(A). I would reverse and remand for an evidentiary hearing to resolve whether a firm offer was made, and, if so, the credibility of Rivero's contention that he was unaware of the offer until September 15, 2005. I would further order the trial court to attach record excerpts conclusively showing Rivero is entitled to no relief if it were to again summarily deny the postconviction motion. See Langdon v. State, 947 So.2d 460 (Fla. 3d DCA 2006).
NOTES
[1] The 2005 testimony "going off memory" and "around 20 years, around there" was actually unrelated to the subject matter of the first Rule 3.850 motion (decisions by counsel during the trial six years earlier). Rivero's trial counsel did not provide an affidavit to reflect any review of his file or notes, or to add specificity to his unrefreshed 2005 recollection about the plea negotiations.
[2] In this case, Rivero and his second set of attorneys (who filed the first motion under Rule 3.850 in 2002) also did not explain how the alleged miscommunication of a more favorable plea offer was missed in their interviews with trial counsel as they drafted the 2002 motion and prepared for the evidentiary hearing on the motion.
[3] In so doing, the trial court apparently did not consider that the motion was, in any event, untimely.
[4] Rivero meets the requirement that motions based upon newly discovered evidence be made within two years of the time the facts become known or the defendant discovers such facts, since his motion was filed on August 31, 2007, within two years of the September 15, 2005 evidentiary hearing. See Slaton v. State, 985 So.2d 1151 (Fla. 3d DCA 2008).
[5] Florida Rule of Criminal Procedure 3.850(b) reads as follows:

(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case ... unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence.... (emphasis added). Of course, counsel's knowledge of a plea offer cannot be used to defeat a defendant's claim that he was unaware of a plea offer when the basis for the motion is that counsel was ineffective for failing to timely disclose the offer. See Osborne v. State, 958 So.2d 1017, 1019 (Fla. 5th DCA 2007); Heard v. State, 824 So.2d 965, 965 (Fla. 4th DCA 2002).
[6] Rivero did aver that immediately upon hearing the testimony of Defabio at the 2005 post-conviction hearing, he told his counsel for that hearingwho was different than his initial defense counselthat the offer had never been presented to him, but counsel advised him that "[it] was not the proper time to address the matter."
[7] It is perhaps noteworthy that Morgan likewise did not include an affidavit from his former defense counsel in his filing, a fact of no moment to the Morgan court. Ordinarily, defense counsel are called to testify at the evidentiary hearing to either support or refute the defendant's claim. Defense counsel are under no legal obligation to provide affidavits in support of a former client's pro se postconviction motion.