SALTER, J.
Cesar Rivero appeals a circuit court order denying his motion for relief under Florida Rule of Criminal Procedure 3.850 without an evidentiary hearing. We affirm.
Rivero claimed in a motion filed in August 2007 that “newly discovered evidence” regarding plea negotiations in 1999 warranted an evidentiary hearing. The procedural history of his trial and conviction, together with the equivocal nature of the comments alleged to constitute the “newly discovered evidence,” demonstrate that no new evidentiary hearing was required.
In 1999, Rivero was convicted of second-degree murder with a firearm and was sentenced to 34 years in state prison. This Court affirmed the conviction and sentence the following year. Rivero v. State, 763 So.2d 336 (Fla. 3d DCA 2000). In 2002, Rivero filed a motion under Rule 3.850 claiming ineffective assistance of his trial counsel. During an evidentiary hearing on that motion in 2005, Rivero’s trial counsel said:
But again, your plea was, at the time I think was very high. I even thought it was high, and I tried to get it lower. You wouldn’t go lower. I think we even approached Judge Rothenberg at the last minute, but she wasn’t very receptive to offering something, and Mr. Rivero was not interested in taking a plea. I mean, obviously if it was probation or five years, maybe he would have taken it, but if I go off memory, I think your plea offer was maybe you went down to 18 years. Pm not sure, but it was around 20 years, around there (emphasis supplied).
Following the evidentiary hearing, the trial court denied the motion. Rivero appealed, and we affirmed. Rivero v. State, 939 So.2d 109 (Fla. 3d DCA 2006).
In 2007, Rivero filed another motion under Rule 3.850, this time alleging that his trial counsel’s 2005 testimony was newly-discovered evidence of ineffective assistance of counsel during the 1999 plea negotiations. The motion included affidavits from Rivero, his mother, and his sisters, all of which stated that they were advised of pretrial plea offers carrying a sentence of more than 20 years, particularly in a range from 24 to 32 years, and that they were never advised of an offer carrying an 18 to 20 year sentence. No affidavit from Rivero’s trial counsel was attached to con *627 firm with any degree of certainty[1] that a plea offer of 18, 20, or any other number of years less than 24, was ever made by the State.
The circuit court denied the 2007 motion because there was no allegation or proof that the “newly discovered evidence” was unknown to the court, parties, or counsel at the time of trial and could not have been discovered with due diligence within the two year period allowed by Rule 3.850. Morgan v. State, 912 So.2d 642 (Fla. 5th DCA 2005) (citing State v. Gunsby, 670 So.2d 920 (Fla.1996)).[2] We agree.
Affirmed.
CORTINAS, J., concurs.

. The 2005 testimony “going off memory” and "around 20 years, around there” was actually unrelated to the subject matter of the first Rule 3.850 motion (decisions by counsel during the trial six years earlier). Rivero’s trial counsel did not provide an affidavit to reflect any review of his file or notes, or to add specificity to his unrefreshed 2005 recollection about the plea negotiations.

. In this case, Rivero and his second set of attorneys (who filed the first motion under Rule 3.850 in 2002) also did not explain how the alleged miscommunication of a more favorable plea offer was missed in their interviews with trial counsel as they drafted the 2002 motion and prepared for the evidentiary hearing on the motion.