# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1211
Lower Tribunal No. F05-5281A

_____


**Raudel Robinson,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Raudel Robinson, in proper person.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.


Before FERNANDEZ, C.J., and LOGUE, and LINDSEY, JJ.

PER CURIAM.

Raudel Robinson appeals the trial court's "Order Denying 'Defendant's Second or Successive Motion for Post-Conviction Relief Newly Discovered Evidence/Ineffective Assistance of Counsel.'"

Upon review of the record and the previous filings by Robinson and dispositions by this Court thereof, we affirm. See Placide v. State, 189 So. 3d 810, 814 (Fla. 4th DCA 2015) (finding that the information in an affidavit alleging the jurors were witnessed prejudging the case could have been discovered with due diligence and was inherently incredible because the affiant was a close family friend who withheld this knowledge for 21 years); Rivero v. State, 15 So. 3d 625, 627 (Fla. 3d DCA 2009) (holding that defendant was not entitled to a hearing on his second post-conviction motion based on alleged newly discovered evidence of ineffective assistance of counsel during plea negotiations, as there was no allegation or proof that the "newly discovered evidence" was unknown to the court, parties, or counsel at the time of trial and could not have been timely discovered with due diligence); see also Martinez v. State, 265 So. 3d 690, 693 (Fla. 1st DCA 2019) (finding that the record conclusively refuted defendant's post-conviction claim that his defense counsel failed to communicate pretrial plea offers ranging from 5 to 10 years in prison in exchange for a guilty plea, where the record reflected counsel for both parties denied the existence of

any plea offers at the onset of jury selection); <u>Morgan v. State</u>, 912 So. 2d 642, 644 (Fla. 5th DCA 2005) (holding that defendant failed to show that trial counsel's alleged failure to communicate a plea offer to him was newly discovered evidence that could be considered under the exception to the two-year time limit for filing a motion for post-conviction relief, where the defendant failed to allege how he obtained information about the plea offer and why he could not have obtained it earlier by the use of due diligence within the two-year period).

Affirmed.